**IN THE UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

In re:                                                                                    Case No. 22-32418-KRH
**David Mask Patterson**                                                    Chapter 13
   **Debtor**

Address:  127 Taylor Street
              Blackstone, VA 23824

Last four digits of SSN: xxx-xx-1928

**NOTICE OF MOTION TO CONTINUE THE AUTOMATIC STAY**
**AND NOTICE OF HEARING THEREON**

The above named Debtor has filed a Motion to Continue the Automatic Stay in this bankruptcy case, pursuant to 11 U.S.C. § 362(c)(3)(B).

**Your rights may be affected.**  **You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the court to grant the relief sought in the motion, or if you want the court to consider your views on the motion, then no later than three (3) days prior to the date of the hearing on the motion, you or your attorney must:

- File with the court, at the address shown below, a written response pursuant to Local Bankruptcy Rules 9013-1(H).  If you mail your response to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above.

   Clerk of Court
   United States Bankruptcy Court
   701 E. Broad Street,  Suite 4000
   Richmond, VA 23219-3515

- You must also send a copy to:

   Boleman Law Firm, P.C.
   P. O. Box 11588
   Richmond, VA 23230-1588

**TAKE NOTICE that, pursuant to Standing Order No. 21-12, the hearing on**

---

Daniel J. Webster (VSB #92593)
Boleman Law Firm, P.C.
P. O. Box 11588
Richmond, VA 23230-1588
Telephone: (804) 358-9900
Counsel for Debtor

**the Motion will be conducted remotely via Zoom for Government before the Honorable Kevin R. Huennekens on September 21, 2022 at 12:00 p.m..**

**REMOTE HEARING INFORMATION:**

Due to the COVID−19 public health emergency, no in-person hearings are being held.

This hearing will take place remotely through Zoom on the date and time scheduled herein.

To appear at the hearing, you must send, by email, a completed request form (the "Zoom Request Form"), which is available on the Court's internet website at www.vaeb.uscourts.gov, on the page titled, "Temporary Emergency Provisions Regarding ZoomGov Remote Proceeding Access Information." Email your completed Zoom Request Form to the email address listed for the Judge assigned to the case. Following receipt of your Zoom Request Form, Court staff will respond to the email address from which the request was submitted with additional information on how to participate through Zoom.

\*\*\*The email address shall be used only to submit Zoom Request Forms. No other matters or requests will be considered by Court staff, and under no circumstances will any such matters or requests be brought to the Judge's attention. Failure to comply with these instructions may result in appropriate action, including but not limited to the imposition of sanctions.\*\*\*

**PLEASE NOTE:** You MUST submit the Zoom Request Form no later than two (2) business days prior to this hearing. Any documentary evidence the parties wish to present at the hearing must be filed with the Court in advance of the hearing.

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.

Respectfully submitted,

DAVID MASK PATTERSON

By Counsel:

/s/ Daniel J. Webster
Daniel J. Webster (VSB #92593)
Boleman Law Firm, P.C.
P. O. Box 11588
Richmond, Virginia 23230-1588
Telephone: (804) 358-9900
Counsel for Debtor

**CERTIFICATE OF SERVICE**

    I certify that on September 6, 2022, I have transmitted a true copy of the foregoing document electronically through the Court's CM/ECF system or by mail to the Debtor, Chapter 13 trustee, the United States Trustee if other than by the electronic means provided for at Local Bankruptcy Rule 2002-1, and to all creditors and parties in interest of the mailing matrix attached hereto.

/s/ Daniel J. Webster
Counsel for Debtor

## IN THE UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
### Richmond Division

| | |
|---|---|
| In re: | Case No. 22-32418-KRH |
| David Mask Patterson | Chapter 13 |
| Debtor | |

### MOTION TO CONTINUE AUTOMATIC STAY AND MEMORANDUM IN SUPPORT THEREOF

COMES NOW, David Mask Patterson (the "Debtor"), by counsel, and files this Motion to Continue Automatic Stay and Memorandum in Support Thereof, pursuant to 11 U.S.C. § 362(c)(3)(B), and in support thereof, the Debtor affirmatively states the following:

### Jurisdiction

1. Jurisdiction of this Court over the instant matter is based upon 28 U.S.C. §§1334 and 157 in that this action arises in and relates to Debtor's bankruptcy case.

2. This proceeding is a core proceeding under 28 U.S.C. §157(b)(2)(A), (B), (K), and (O).

3. Venue is proper pursuant to 28 U.S.C. §1409.

### Background Facts

4. On September 1, 2022 (hereinafter the "Petition Date"), the Debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code (the "Instant Case").

Daniel J. Webster (VSB #92593)
Boleman Law Firm, P.C.
P. O. Box 11588
Richmond, VA 23230-1588
Telephone: (804) 358-9900
Counsel for Debtor

5. Within the year prior to filing the Instant Case, Debtor has been a debtor in one (1) pending chapter 13 bankruptcy case (the "Previous Case"), which was filed on October 15, 2020, and dismissed on August 25, 2022 (Case No. 20-34166-KRH). The Previous Case was dismissed because of payment default. The Debtor suffered an injury during the Previous Case that caused a significant disruption to his income.

## Facts of the Instant Case

6. In the Instant Case, Debtor has proposed a Chapter 13 Plan (the "Plan") that commits to pay the Trustee all projected disposable income, $300.00 per month, for a period of 6 months, followed by $755.00 per month for a period of 54 months.

7. Among other provisions, the Plan proposes the following: Payments through the Trustee to Carrington Mortgage for mortgage arrears; to Avid Acceptance for a motor vehicle; to the County of Nottoway for tax debts; and a reasonable dividend to unsecured creditors.

## Discussion

8. Because the Instant Case was commenced within one (1) year of the dismissal of the Previous Case, the automatic stay in the Instant Case will expire "with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease . . . " on October 1, 2022, unless the Court extends the automatic stay.  11 U.S.C. § 362(c)(3)(A) and (B).

9. Pursuant to 11 U.S.C. § 362(c)(3)(B), Debtor must demonstrate to the Court that the Instant Case was filed in good faith in order to obtain an extension of the automatic stay.

10. If the Court finds grounds for presuming the Instant Case was filed "not in good faith," § 362(c)(3)(C) would impose a burden on Debtor to overcome such presumption, and prove good faith by clear and convincing evidence. If, however, the Court finds no grounds for presuming the instant case was filed "not in good faith," Debtor must merely prove good faith by a preponderance of the evidence. In re Havner, 336 B.R. 98, 103 (Bankr. M.D.N.C. 2006); In re Ball, 336 B.R. 268, 273 (Bankr. M.D.N.C. 2006).

11. Within the context of motions to continue the automatic stay pursuant to § 362(c)(3), In re Chaney, 362 B.R. 690, 694 (Bankr.E.D.Va. 2007), instructs that the term "good faith" was defined judicially in the Fourth Circuit by Deans v. O'Donnell, 692 F.2d 968, 972 (4th Cir. 1982), further refined by Neufeld v. Freeman, 794 F.2d 149, 152 (4th Cir. 1986), and left unchanged by Congress when it created § 362(c)(3). Chaney at 694.

12. Pursuant to Neufeld v. Freeman, good faith determinations require courts to consider, *inter alia*, "the percentage of proposed repayment, the debtor's financial situation, the period of time payment will be made, the debtor's employment history and prospects, the nature and amount of unsecured claims, the debtor's past bankruptcy filings, the debtor's honesty in representing facts, and any unusual or exceptional problems facing the particular debtor." Id. at 152, *citing* Deans v. O'Donnell, 692 F.2d at 972. The focus of the inquiry is "to determine whether or not . . . there has been 'an abuse of the provisions, purpose, or spirit' of Chapter 13 in the proposal or plan." Neufeld at 152, *citing* Deans at 972, and *quoting* 9 Collier on Bankruptcy 9.20 at 319 (14th ed. 1978).

13. In order to apply the Fourth Circuit's definition of good faith in determining whether the automatic stay should be extended pursuant to § 362(c)(3),

> "the court must be satisfied that the plan in the new case will succeed where the plan in the prior case did not. Usually this will require a finding that some change in the financial or personal affairs of the debtor has occurred that will allow the debtor to perform under the terms of the plan in the new case. But the inquiry does not end there. The court needs to determine that the repetitive filing does not violate the spirit of the Bankruptcy Code. The new case must not be a ploy to frustrate creditors. It must represent a sincere effort on the part of the debtor to advance the goals and purposes of chapter 13."

Chaney at 694.

## Argument

14. There is a presumption that the Instant Case was filed "not in good faith" as to all creditors. Therefore, Debtor must prove by clear and convincing evidence that the Instant Case was filed in good faith.

15. In the Instant Case, the Debtor has acted in good faith, and accordingly, Debtor requests that the Court grant an extension of the automatic stay as to all creditors, as to Debtor and Debtor's property, and as to the property of the bankruptcy estate for the duration of the Instant Case. In support thereof, Debtor submits an Affidavit, which is attached hereto as Exhibit "1" and incorporated herein by this reference.

16. Applying the Neufeld factors to Debtor's circumstances and to the Instant Case leads to the following conclusions:

    a. *Percentage of proposed repayment* - The Plan proposes to pay a dividend of 19% to non-priority unsecured creditors. Such creditors would receive a dividend of 12% if Debtor was to file a Chapter 7 bankruptcy case. Application of this factor favors a finding of good faith.

    b. *Debtor's financial situation* – Debtor has income from income from employment at Admiral Security. A significant positive change in the Debtor's financial circumstances has also taken place since the dismissal of the Previous Case. Specifically, the Debtor has physically recovered and has returned to work full-time. Additionally, Debtor's income is likely to remain consistent throughout the Instant Case. Debtor's financial situation does not allow for the maintenance of unnecessary expenses for luxury items, but allows for the maintenance of an average standard of living for Debtor's household and the successful completion of the terms of the Plan. Application of this factor favors a finding of good faith.

    c. *Period of time payment will be made* - The period of time in which payments will be made is reasonable and is based upon the Debtor's best efforts to repay creditors. Application of this factor favors a finding of good faith.

    d. *Debtor's employment history and prospects* – Debtor has been employed at Admiral Security since November 2019. Application of this factor favors a finding of good faith.

  e. *Nature and amount of unsecured claims* - Debtor's non-priority unsecured debts are estimated to be approximately $44,751.00. Debtor has not incurred any unsecured debt for luxury goods or services or any unsecured debt due to revolving credit accounts or pay day loans within the ninety (90) days prior to filing the Instant Case. Application of this factor favors a finding of good faith.

  f. *Debtor's past bankruptcy filings* - The instant Motion is required because Debtor was a debtor in a previous case that was dismissed within one (1) year prior to the Filing Date of the Instant Case. The Affidavit attached hereto as Exhibit "1" describes fully the reasons that the Previous Case was dismissed. Debtor incorporates such explanation herein by this reference. Debtor's hardships do not indicate an abuse of the bankruptcy system; rather, they indicate an honest but thus far unsuccessful attempt to financially reorganize. Application of this factor favors a finding of good faith.

  g. *Debtor's honesty in representing facts* – Debtor has fully disclosed all assets, liabilities, and pertinent information regarding personal and financial affairs and is prepared to cooperate fully with the Chapter 13 Trustee. Application of this factor favors a finding of good faith.

  h. *Any unusual or exceptional problems facing the particular debtor* – There are no unusual or exceptional problems facing Debtor. Application of this factor favors a finding of good faith.

17. Debtor asserts that the Instant Case does not "violate the spirit of the Bankruptcy Code" and it is not "a ploy to frustrate creditors"; rather, it represents "a sincere effort on the part of the debtor to advance the goals and purposes of chapter 13". See Chaney at 694. In support hereof, Debtor asserts the following additional arguments:

a. *The timing of the petition* – Between the dismissal of the Previous Case and the filing of the Instant Case, Debtor did not act in a manner so as to purposely delay payment of debts and did not delay in filing the Instant Case so as to intentionally frustrate creditors. Debtor's actions in this regard indicate an intent to use the bankruptcy system to resolve debts in an appropriate manner. Application of this factor favors a finding of good faith.

b. *How the debt(s) arose* – The debts in this case arose primarily over a period of time extending back several years. The debts were not the result of misuse of credit or luxury spending; rather, they arose as a result of ordinary living expenses that Debtor became unable to repay. Application of this factor favors a finding of good faith.

c. *The debtor's motive in filing the petition* – Debtor's motive in filing the Instant Case is to apply best efforts to repay creditors and receive a fresh start through bankruptcy. Application of this factor favors a finding of good faith.

d. *How the debtor's actions affected creditors* – The Plan provisions and treatment of creditors are generally described in paragraph 7, *supra*. This factor will rarely favor a debtor, because "[f]iling for bankruptcy relief will almost always prejudice one's creditors." Galanis, 334 B.R. at 696.

     e. *Changes in circumstance and ability to complete this case* – The Affidavit attached hereto as Exhibit "1" describes fully the Debtor's changes in circumstances and explain both the legitimate bases for the filing of this case as well as the Debtor's ability to complete the Instant Case. Debtor incorporates such explanations herein by this reference. Application of this factor favors a finding of good faith.

  WHEREFORE, for the foregoing reasons, Debtor respectfully requests this Honorable Court to enter an order extending the automatic stay as to all creditors, as to Debtor and Debtor's property, and as to the property of the bankruptcy estate for the duration of the Instant Case, and for such other and further relief as the Court deems appropriate.

            Respectfully submitted,

            DAVID MASK PATTERSON

            By Counsel:

            /s/ Daniel J. Webster
            Daniel J. Webster (VSB #92593)
            Boleman Law Firm, P.C.
            P. O. Box 11588
            Richmond, Virginia 23230-1588
            Telephone: (804) 358-9900
            Counsel for Debtor

## **CERTIFICATE OF SERVICE**

  I certify that on September 6, 2022, I have transmitted a true copy of the foregoing document electronically through the Court's CM/ECF system or by mail to the Debtor, Chapter 13 Trustee, the United States Trustee if other than by the electronic means provided for at Local Bankruptcy Rule 2002-1, and to all creditors and parties in interest of the mailing matrix attached hereto.

            /s/ Daniel J. Webster
            Counsel for Debtor

| | | |
|---|---|---|
| Advance America Cash Adv. Ctr.<br>135 N. Church Street<br>Spartanburg, SC 29306 | AIS Portfolio Services, LP<br>Attn: Capital One Auto Finance<br>4515 N. Santa Fe Ave, Dept APS<br>Oklahoma City, OK 73118 | Avid Acceptance<br>PO Box 708580<br>Sandy, UT 84070 |
| Bon Secours<br>P.O. Box 1123<br>Minneapolis, MN 55440 | Bon Secours Richmond Health Sy<br>RE:  Bankruptcy<br>P.O. Box 28538<br>Richmond, VA 23228 | Bridgecrest Formerly Drivetime<br>PO Box 29018<br>Phoenix, AZ 85038 |
| Capital One Auto Finance<br>Attn:  Bankruptcy Department<br>P.O. Box 259407<br>Plano, TX 75026-0848 | Carrington Mortgage Services<br>P.O. Box 54285<br>Irvine, CA 92619-4285 | CashNet USA<br>175 West Jackson<br>Suite 1000<br>Chicago, IL 60604 |
| Century Link<br>1544 Governor's Sq<br>Tallahassee, FL 32301 | Choice Recovery<br>1105 Schrock Road<br>Ste 700<br>Columbus, OH 43229 | CJW Medical Center<br>PO Box 13620<br>Richmond, VA 23225 |
| County of Nottoway<br>Barbara Senger, Treas.<br>P.O. Box 85<br>Nottoway, VA 23955 | DirecTV<br>Attn: Bankruptcy Claims<br>PO Box 6550<br>Englewood, CO 80155 | Dish Network<br>9601 S. Meridian Blvd.<br>Englewood, CO 80112 |
| Dr. Charles Wilson, MD<br>808 Buffalo St<br>Farmville, VA 23901 | Enhanced Recovery Company<br>P.O. Box 57547<br>Jacksonville, FL 32241 | Estell B. Patterson<br>1818 Three Chopt Road<br>Kents Store, VA 23084 |
| Hometown Rentals<br>100 Winter Street<br>West Point, VA 23181 | J&J Flooring<br>PO Box 2207<br>Dalton, GA 30722 | Jefferson Capital Systems<br>16 McLeland Road<br>Saint Cloud, MN 56303 |
| JL Walston & Associate<br>Re:  Bankruptcy<br>326 South Main Street<br>Emporia, VA 23847 | Koalafi<br>PO Box 5518<br>Glen Allen, VA 23058-5518 | MRS BPO<br>1930 Olney Ave.<br>Cherry Hill, NJ 08003 |
| OrthoVirginia<br>1115 Boulders Pkwy<br>Ste. 200<br>Richmond, VA 23235 | OrthoVirginia<br>7858 Shrader Road<br>Henrico, VA 23294 | Poplar Springs Hospital<br>Attn: Bankruptcy Dept<br>350 Poplar Drive<br>Petersburg, VA 23805 |
| Pulmonary Associates of Rich<br>P.O. Box 1180<br>Sharpsburg, GA 30277 | Shapiro & Brown<br>Re: J.P. Morgan Acquisition<br>501 Independence Pkwy, Ste 203<br>Chesapeake, VA 23320 | Social Security Administration<br>RE: Bankruptcy<br>PO Box 3490<br>Philadelphia, PA 19122 |

| | | |
|---|---|---|
| Speedy Cash<br>801 B Ponce De Leon blvd<br>Saint Augustine, FL 32084 | Speedy Cash<br>PO Box 780408<br>Wichita, KS 67278 | St. Francis Medical Center<br>13710 St. Francis Boulevard<br>Midlothian, VA 23114 |
| St. Mary's Hospital<br>Attn: Bankruptcy Dept<br>P.O. Box 100767<br>Atlanta, GA 30384-0767 | Verizon Wireless<br>500 Technology Drive<br>Suite 550<br>Saint Charles, MO 63304-2225 | Virginia Urology<br>P.O. BOX 830525<br>Dept #SS1<br>Birmingham, AL 35283-0525 |

**IN THE UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**In re: David Mask Patterson**

---

**EXHIBIT "1" TO MOTION TO CONTINUE STAY AND**
**MEMORANDUM IN SUPPORT THEREOF**

**AFFIDAVIT OF David Mask Patterson**

Comes now David Mask Patterson, under penalty of perjury, and states as follows:

1. My name is David Mask Patterson. I am above the age of 18 years, and competent to make this affidavit. I have personal knowledge of the facts set forth in this affidavit.

2. I reside at 127 Taylor Street, Blackstone, VA 23824.

3. I have income from my employment with Admiral Security. My income is stable, and I do not expect it to change in the future.

4. I am the debtor in the present bankruptcy case.

5. During the one (1) year prior to filing the present case, I have been debtor in one (1) pending bankruptcy case that was dismissed.

6. The previous case was a Chapter 13 bankruptcy case filed on October 15, 2020, and dismissed on August 25, 2022 (Case No. 20-34166-KRH) (the "previous case").

7. The previous case was dismissed because of payment default. I injured my neck during my prior case, and I was unable to work.

8. Since the dismissal of the previous case, I have experienced a significant positive change in my financial circumstances in that I have recovered physically and I am able to work.

9. I believe that these changes in circumstances will enable me to successfully complete this bankruptcy case.

10. I have listed all of my assets and all of my debt and have fully and accurately disclosed all of my income and expenses in the Schedules in this case.

11. I will propose the following treatment of my creditors in my Chapter 13 Plan: provide for Chevrolet Trax with Avid Acceptance; provide for my mortgage arrears

with Carrington Mortgage Services; provide for taxes with Nottoway County; and provide for a reasonable amount to be paid towards my unsecured debts

12. I am proposing to pay the Trustee all projected disposable income, $300.00 per month, for a period of 6 months; and then $755.00 per month, for a period of 54 months.

13. After the dismissal of my previous case, I acted as fast as I reasonably could to retain a bankruptcy attorney to file this case for me because I want to use the bankruptcy system to resolve my debts.

14. My debts arose as a result of ordinary living expenses. The credit card debt I have has accumulated over several years and is not the result of any purchases of luxury goods or services. I have also not incurred any unsecured debt due to revolving credit accounts or pay day loans within the 90 days prior to filing the instant case.

15. I desire to use the bankruptcy system to obtain a fresh start and have not been attempting to evade my responsibilities or delay my creditors' attempts to collect. In addition to repaying my creditors what I can afford and obtain a discharge of my indebtedness, the purpose of my bankruptcy filing is to retain my vehicle and home.

16. My income is consistent and likely to remain so during my case. My household expenses are not likely to change substantially. I believe I will be able to make my payments to the Trustee and meet my other obligations as they come due throughout this case.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on this
<u>September 1, 2022</u>


<u>/s/ David Patterson</u>